**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PENSKE TRUCK LEASING, L.P.,

                       CASE NO. 05-70748

        Plaintiff,          HON. LAWRENCE P. ZATKOFF

v.

KINNIE-ANNEX CARTAGE CO., d/b/a/
KINNIE-ANNEX TRUCK RENTAL
AND LEASING,

        Defendant.

_____/

**OPINION AND ORDER**

**I. INTRODUCTION**

On December 22, 2005, Defendant filed a Motion to Amend and/or to Supplement Answer and Affirmative Defenses. Plaintiff has responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Amend is GRANTED.

**II. DISCUSSION**

Plaintiff's complaint alleges that Defendant is liable as a guarantor on a contract between Plaintiff and a third party. In its answer, Defendant claimed that it was not liable because Plaintiff and the third party executed an accord and satisfaction. Defendant now claims that the document should be considered a novation, and seeks to change its answer accordingly.

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Plaintiff argues that it will be prejudiced by the amendment, and that the amendment is futile, since the relevant document was in fact an accord and satisfaction, and not a novation.

The Court finds that allowing the change will not prejudice Plaintiff, as Plaintiff has had ample opportunities to argue that the relevant document is an accord and satisfaction, and not a novation. Plaintiff has addressed the issue in its response to the instant motion, in its motion for summary judgment, and in its response to Defendant's motion for summary judgment.

Furthermore, the Court need not address Plaintiff's futility argument at this time. By allowing Defendant to change the wording in its answer from "accord and satisfaction" to "novation," the Court is not ruling that the document in question is in fact a novation. That issue will be fully addressed in the resolution of the parties' respective motions for summary judgment. Therefore, Defendant will be allowed to change the wording in its answer from "accord and satisfaction" to "novation."

### IV.  CONCLUSION

For the above reasons,  Defendant's Motion to Amend is GRANTED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 27, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 27, 2006.

                                                    s/Marie E. Verlinde
                                                    Case Manager
                                                    (810) 984-3290